AMERICAN BELL TEL. CO. v. BROWN TELEPHONE & TELEGRAPH CO. et al.

(Circuit Court, N. D. Illinois.   October 18, 1893.)

1. PATENTS FOR INVENTIONS—INFRINGEMENT—IMPROVEMENTS—TELEPHONES.
  The Bell telephone patent (No. 186,787) is infringed, in respect to claims 3, 5, 6, 7, and 8, by a machine which is perhaps a decided improvement in the addition of a second magnet, giving greater intensity and energy, but which does not change the operation of the parts.

2. SAME—INJUNCTION.
  The fact that a patent is about to expire is no reason for refusing an injunction against an infringer who has invested his money in the business in the face of repeated adjudications sustaining the patent.

In Equity. Suit by the American Bell Telephone Company against the Brown Telephone & Telegraph Company and others for infringement of a patent. Injunction granted.

Bond, Adams, Pickard & Jackson and J. J. Storrow, for complainant.

Lysander Hill and Charles C. Bulkley, for defendants.

JENKINS, Circuit Judge. This bill is filed to restrain the alleged infringement of the complainant's patent No. 186,787, granted on January 30, 1877. Upon the hearing I declined to consider the question of the validity of this patent, for the reason that it had been passed upon by the supreme court, and because I had previously ruled upon its validity. The defendants are charged with infringing claims 3, 5, 6, 7, and 8, respectively, of the patent. It is not necessary to enter into detailed investigation of those claims. The defendants' machine, in my judgment, contains all of the matters stated in those claims. It has what is claimed to be, and what perhaps is, a decided improvement in the addition of a second magnet. That addition, however, does not change the operation of the parts as declared in the complainant's patent, but is claimed to give to the magnet greater intensity and energy. Whether that be so or not, the defendants were not justified in the use of the inventions of Mr. Bell, secured to him by the letters patent referred to.

Nor do I find any reason in the arguments that have been pressed to me to withhold the issuing of an injunction. The fact that the patent has nearly expired is, to my mind, a greater reason for granting the injunction. These telephone patents, as I have had occasion heretofore to remark, have probably been more vigorously contested

than any other patents. The remaining time during which the in-ventor and his assigns may enjoy the fruit of the invention is, short. After such a conflict the court ought not to permit infringe-, ment during the short remaining period. The defendants claim to have invested large amounts of money in their enterprise. They did it in the face of repeated adjudications sustaining the validity of the patent in question, and with their eyes open. If they must use the Bell invention to make operative the Brown improvement, they must await the expiration of the Bell patent.

An injunction will issue, as prayed for in the bill.